## FANNIE DAUGHERTY V. STATE.

No. 26,837. February 17, 1954.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) April 14, 1954.

*George S. Berry* and *Thomas L. Clinton*, by *Thomas L. Clinton* of counsel, Lubbock, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the sale of beer in a dry area, with a prior conviction alleged to enhance the punishment; the punishment, 365 days in jail and a fine of $1,000.00.

The witness Bob Short testified that on the night in question he went to appellant's home in the "flats" of the city of Post in company with some of his acquaintances and there bought from the appellant ten cans of Pearl beer, for which he paid her $5.00. The witness testified that just as he picked up the box containing the beer "a tall colored man came in and said Red Floyd was coming, grabbed the beer out of my hands and ran out the back door." The witness stated further that he gave chase, and when he got out the back door of the house the colored man was gone; but he saw his box of beer in a little hole near the back door, that he picked up the box, and just at that moment Deputy Sheriff Floyd came up and took it away from him.

Deputy Sheriff Floyd testified that on the night in question

he had an occasion to be at the rear of the appellant's home, that he saw a colored man set a box out the back door, that another man came and picked up the box, that when he got to him he recognized Bob Short and took a box containing ten cans of Pearl beer from him.

It was stipulated that the state proved that Garza County is a dry area.

The appellant, testifying in her own behalf, admitted the prior conviction, but denied that she had ever seen the witness Short before the day of the trial or that she had sold any beer on the night in question.

The jury resolved the disputed issue against the appellant, and we find the evidence sufficient to support the conviction.

The sole question presented for review is a statement made by the county attorney during the development of the case. The box containing the ten cans of beer was offered in evidence through the witness Floyd. Appellant objected to the cans of beer because they had not been properly identified. The county attorney withdrew the offer of the evidence, and the appellant moved the court to have the beer removed from the jury's view until it had been properly identified, stating that its presence in the courtroom was prejudicial and inflammatory. The county attorney then addressed the court as follows:

"If it please the court, this is still my witness and I am still in the process of attempting to offer it into evidence, now when I fail to offer it into evidence and the court excludes we will get it out of the courtroom and we didn't bring it in until we were ready, you bet it is prejudicial, we mean for it to be, all good evidence is prejudicial and we intend to put it into evidence."

The appellant moved for a mistrial because of the "sidebar remarks" of the county attorney, which motion was overruled.

Following this, the state showed the proper custody of the cans between the time of their seizure and the tender as evidence, and the court admitted the same.

Appellant relies upon three cases as authority for his contention that the "sidebar remarks" constitute reversible error.

In Bullington v. State, 78 Tex. Cr. Rep. 187, 180 S. W.

679, we reversed the conviction, among other reasons, because the district attorney asked a question about a matter which he knew was inadmissible.

In Short v. State, 79 Tex. Cr. Rep. 426, 187 S. W. 955, we affirmed the conviction and held that the asking of a certain question was not error.

In Waters v. State, 91 Tex. Cr. Rep. 592, 241 S. W. 496, we reversed the conviction, among other reasons, because the district attorney asked certain improper questions and stated in open court that he had a basis for asking such questions.

None of these authorities is here controlling. While we do not completely agree with the statement of the prosecutor, we must remember that he was speaking as an advocate.

Finding no reversible error, the judgment of the trial court is affirmed.